**ROGERS, Plaintiff-Appellee, v. ROGERS, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 263.   Decided June 10, 1949.

Irving Carl Delscamp, Dayton, for defendant-appellant, and for the Application for Rehearing on Motion.

Clark Wickensimer, Washington C. H., for plaintiff-appellee, and contra the Application for Rehearing on Motion.

## OPINION

By THE COURT:

We are in receipt of a letter from counsel for appellant in which, because of the facts developed therein, we are requested to waive the enforcement of Rule VII.

This rule is intended to be effective in all situations unless good cause be shown for not enforcing it.

If for the purposes of the application we accord to the affidavit of the appellant full faith and the most favorable inferences from the record, it would establish that at the time when appellant's brief was due in this court he had an attorney representing him who failed to carry out his professional obligation. As a matter of fact, it is not unusual to find that failure to file briefs by parties is caused by the oversight of counsel under engagement of a party to represent him on the appeal. We do not relax the rule when this situation develops, because the attorney is authorized to act for his client and his failure to observe his obligation must be charged to his client.

If we relax the rule to permit filing of briefs out of rule in every instance where counsel for a party neglects to file briefs, it would be of little effect.

Under all the circumstances we do not believe that good cause has been shown to avoid the obligation of Rule VII.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.